UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMONT HEARD,
RICHARD BALDWIN,
and JEROME SMITH

    *Plaintiffs*,               CASE NO. 16-cv-14367

v.                               DISTRICT JUDGE NANCY G. EDMUNDS
                                   MAGISTRATE JUDGE PATRICIA T. MORRIS

RICK SNYDER,
HEIDI WASHINGTON,
and MICHAEL EAGEN,

    *Defendants*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION (Doc. 36, 46)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' Motion To Dismiss, (Doc. 36), be **GRANTED**, Plaintiff's Complaint, (Doc. 1), be **DISMISSED,** and Plaintiffs' Motion for Preliminary Injunction, (Doc. 46), be **DENIED** as moot.

**II.    REPORT**

    **A.    Introduction**

Plaintiffs Lamont Heard, Richard Baldwin, and Jerome Smith are state prisoners incarcerated at the Thumb Correctional Facility at the time this lawsuit was filed. (Doc. 1, para. 34). Jerome Smith is now incarcerated at Ionia Maximum Correctional Facility. All

1

three Plaintiffs, along with thirteen other Plaintiffs, filed a previous lawsuit which was dismissed without prejudice for misjoinder. *Heard v. Snyder*, No. 2:16-cv-13452, 2016 WL 5808359 (E.D. Mich. Oct. 5, 2016).

Plaintiffs filed this Complaint seeking injunctive relief under 42 U.S.C. § 1983 against Defendants Rick Snyder, Heidi Washington, and Michael Eagen on December 6, 2016. (Doc. 1). On January 23, 2017, District Judge Nancy Edmunds referred all pretrial matters to the undersigned Magistrate Judge. (Doc. 8). Defendants jointly filed the instant Motion To Dismiss in lieu of an Answer on May 30, 2017. (Doc. 36). Thereafter, Plaintiffs jointly filed a Response to Defendant's Motion on June 28, 2017, (Doc. 43), and a Motion for Preliminary Injunction on July 5, 2016. (Doc. 46). Defendants replied to the former on July 6, 2017. (Doc. 44).

Plaintiffs allege that each of them had a troubled upbringing and that each was a teenager of 18 or 19 years at the time they committed murder. (Doc. 1, paras. 3, 37-38, 52-55, 63-65). They suggest that the parole statute in conjunction with the first-degree murder statute under which each was convicted, M.C.L. § 750.316, are "unconstitutional as applied" to them because they mandate imprisonment for life without eligibility for parole and "fail[] to take into consideration Plaintiffs['] age, background at the time of the offense or their chance of rehabilitation." (Doc. 1, paras. 80, 82). Such a denial allegedly violates their Eighth Amendment rights because at ages 18 and 19, "the pre-frontal cortex of the brain is still developing and has not connected to the brain structure," thus rendering each Plaintiff with impaired judgment and an undeveloped character at the time they committed their separate crimes. (Doc. 1, paras. 7, 17-18). "[A] teenager

2

sentenced to life in custody not only serve[s] a greater percentage of his life in prison, but suffers a unique deprivation: he will never experience adulthood --- or the ability to obtain a mature understanding of his own humanity." (Doc. 1, para. 21). In addition, Plaintiffs allege an equal protection class of one claim because "there is no legitimate government justification for treating teenagers differently from younger teenagers[,]" i.e. juveniles from adult teenagers. (Doc. 1 at ID 13.), Plaintiffs expressly state that they "do not challenge their conviction and sentence in this matter." (Doc. 1 at ID 1.)

### B. Motion To Dismiss Standard of Review

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint with regard to whether it states a claim upon which relief can be granted. When deciding a motion under this subsection, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007) (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Even though a

3

complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

The Supreme Court has explained that the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (finding assertions that one defendant was the "principal architect" and another defendant was "instrumental" in adopting and executing a policy of invidious discrimination insufficient to survive a motion to dismiss because they were "conclusory" and thus not entitled to the presumption of truth). Although Rule 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth . . . . When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)

(quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)). This circuit has further "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'" *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *Yeary v. Goodwill Indus.–Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997) (finding that the consideration of other materials that "simply filled in the contours and details of the plaintiff's [second amended] complaint, and added nothing new," did not convert the motion to dismiss into a motion for summary judgment).

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which she complains was committed by a person acting under the color of state law, and (2) the conduct deprived her of a federal constitutional or statutory right. In addition, a plaintiff must allege that she suffered a specific injury as a result of the conduct of a particular defendant and she must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976).

Because Plaintiff proceeds *in forma pauperis*, his complaint remains subject to *sua sponte* dismissal "at any time" if this Court finds that his complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Analysis and Conclusion

Defendants contend that the Complaint at issue only explicitly seeks a declaration that M.C.L. § 791.234(6) is unconstitutional, and that the statute cited "is a jurisdictional statute related to the parole board," and its fate would have no practical effect on the legitimacy of their sentences under M.C.L. § 750.316. (Doc. 44 at 6). However, that statute does have a practical effect on Plaintiffs' sentences since it bars Plaintiffs from parole eligibility.

Regardless, Plaintiffs' case suffers from a more fundamental defect in that the complaint fails to state a claim upon which relief can be granted. In *Miller v. Alabama*, 567 U.S. 460 (2012), the United State Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Id*. at 465. Since then, "Michigan amended its juvenile offender laws in light of *Miller*, but made some of those changes contingent upon either the Michigan Supreme Court or the United States Supreme Court announcing that *Miller*'s holding applied retroactively. See Mich. Comp. Laws Ann. §§ 769.25, 769.25a (2014)." *Hill v. Snyder*, 821 F.3d 763, 764 (6th Cir. 2016). Next, the United States Supreme Court held that *Miller*'s prohibition on mandatory life without parole for juvenile offenders is to be applied retroactively. *Montgomery v. Louisiana*, ___ U.S. ___, 136 S. Ct. 718 (2016).

However, none of these major changes are of any assistance to Plaintiffs. As alleged in the complaint, Plaintiffs were eighteen and nineteen years old at the time they each committed the offenses of murder in the first degree, i.e., none of the Plaintiffs were

6

juveniles under age eighteen. Plaintiffs contend that there is no principled reason to distinguish seventeen year-olds from eighteen and nineteen year-olds especially when scientific evidence shows individuals younger than twenty suffer from the same brain development issues as seventeen year olds. However, federal case law has drawn the line and defined a juvenile as a person under the age of eighteen. Every court of which this judicial officer is aware that has considered this issue has maintained that definitive line. See, e.g., *Wesley v. United States*, No. 1:97cr382, 2016 WL 3579010, at *1 (E.D. Va. Feb. 24, 2016)(holding that the petitioner did not qualify for relief under Miller despite argument that he was "teenager at the time of the offense" and that young male brains do not fully devevlop until they are in their 20s); *United States v. Lopez-Cabrera*, No. 11-cr-1032, 2015 WL 3880503, at *1-3 (S.D. N.Y. June 23, 2015)(refusing to extend *Miller* to defendants between the ages of eighteen and twenty two despite argument that persons in this age group are subject to great changes in risk assessment and impulse control); *United States v. Dock*, 541 F. App'x 242, 245 (2013)(because defendant was twenty years old at the time he committed the offense, *Miller* "is of no help" to him); *Brown v. Harlow*, No. 13-4554, 2014 WL 1789012, at *5-6 (E.D. Pa. May 5, 2014)(citing cases declining to apply *Miller* to those aged eighteen and older). Accordingly, I recommend that Plaintiffs' complaint be dismissed for failure to state a claim upon which relief can be granted.

Defendants raise other arguments that this Court need not address due to the proposed resolution outlined above. For the reasons stated above, I recommend that Defendants' Motion To Dismiss, (Doc. 36), be **GRANTED**, Plaintiff's Complaint, (Doc.

7

1), be **DISMISSED** for failure to state a claim upon which relief can be granted, and Plaintiff's Motion for Preliminary Injunction, (Doc. 46), be **DENIED** as moot.

### III.    REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection

8

No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  July 17, 2017                              S/ PATRICIA T. MORRIS
                                                  Patricia T. Morris
                                                  United States Magistrate Judge

## CERTIFICATION

     I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Lamont Heard #252329 at G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201; Richard Baldwin #236673 at Thumb Correctional Facility, 3225 John Conley Drive, Lapeer, MI 48446; and Jerome Smith #256926 at Ionia Maximum Correctional Facility, 1576 W. Bluewater Highway, Ionia, MI 48846.

Date: July 17, 2017                               By s/Kristen Castaneda
                                                  Case Manager