UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMONT HEARD, RICHARD BALDWIN,
and JEROME SMITH,				Case No. 16-14367

      Plaintiffs,				Honorable Nancy G. Edmunds

v.

RICK SNYDER, HEIDI WASHINGTON, and
MICHAEL EAGEN,

      Defendants.
_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING, WITH MODIFICATIONS, THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [47]**

In a Report and Recommendation ("R&R") issued on July 17, 2017 (Dkt. 47), Magistrate Judge Patricia T. Morris recommends that the Court: (1) grant Defendants' motion to dismiss Plaintiffs' Complaint (Dkt. 36); and (2) deny Plaintiffs' motion for a preliminary injunction as moot. (Dkt. 46.) Plaintiffs have filed four objections to the R&R.[1] For the reasons below, the Court OVERRULES Plaintiffs' objections and, with modifications, ACCEPTS AND ADOPTS the R&R. As a result, Defendants' motion to dismiss Plaintiffs' Amended Complaint is GRANTED, Plaintiffs' motion for a preliminary injunction is DENIED AS MOOT, and this case is DISMISSED.

**I. Standard of Review**

When a party objects to portions of a magistrate judge's report and recommendation on a dispositive motion, the Court reviews such portions *de novo*. Fed. R. Civ. P. 72(b).

---

[1] Each of the three Plaintiffs individually filed objections to the R&R; however, their filings are identical, so the Court addresses them together and cites to only one filing from this point forward. (*See* Dkt. 51; Dkt. 53; Dkt. 54.)

However, only specific objections that pinpoint a source of error are entitled to *de novo* review. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). General objections, or those that merely challenge the magistrate judge's ultimate determinations, have "the same effects as would a failure to object." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). That is, such objections are invalid, and the Court may treat them as if they were waived. *See Harris v. Comm'r of Soc. Sec.*, 2017 WL 343729, at *1 (E.D. Mich. Jan. 24, 2017). "After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge." *Lyons v. Comm. of Soc. Sec.*, 351 F. Supp. 2d 659, 662 (E.D. Mich. 2004).

## II. Analysis

### A. The R&R's Citations to the Original Complaint

Plaintiffs first object to the R&R's citing to the original Complaint, rather than the Amended Complaint. (Dkt. 54, at 1.) Plaintiffs argue that such citations demonstrate "erroneous analysis" because the Amended Complaint clarifies their claims, pleads additional facts, and adds a new cause of action. (*Id.* at 2.) While Plaintiffs are correct that the R&R cites the original Complaint on several occasions, their first objection lacks merit for the following reasons.

First, Plaintiffs have not pinpointed which "additional facts" or "clarifie[d] [] claims" the R&R overlooks, let alone how it might have produced "erroneous analysis." The only major difference between the original Complaint and the Amended Complaint lies in the added "This Action States a Claim" section, where Plaintiffs offer legal argument but plead no additional facts. (Dkt. 26 at ¶¶ 31-41.) The R&R recommends dismissing Plaintiffs' claims

2

because Plaintiffs have not set forth facts establishing a deprivation of constitutional rights, and the Amended Complaint's legal arguments do not render the R&R's conclusion infirm.

Furthermore, Plaintiffs have not shown that any of the R&R's citations reflect an erroneous understanding of Plaintiffs' allegations. Nor could they do so, for each allegation cited in the R&R also appears in the Amended Complaint. The R&R cites to paragraphs 3, 7, 13, 17-18, 21, 34, 37-38, 52-55, 63-65, 80, and 82, as well as Pg ID 1 and Pg ID 13, of the original Complaint. (*See* Dkt. 47, at 2-3; Dkt. 1.) The allegations therein respectively appear, in either identical or substantially similar forms, in paragraphs 3, 7, 13, 17-18, 21, 45/46, 49-50, 64-67, 75-77, 92, and 94, as well as Pg ID 98 and Pg ID 112-113, in the Amended Complaint. (*See* Dkt. 26.)

As to the Amended Complaint's supposed "new cause of action," which Plaintiffs do pinpoint, it appeared in the original Complaint (though under a different heading). The original Complaint raised two constitutional claims, alleging violations of the Eighth Amendment and Equal Protection. (Dkt. 1.) The heading "First Cause of Action (Eighth Amendment Violation)" preceded the following allegations:

> 94. MCL 791.234(6) violates the Eighth Amendment disproportionate sanction jurisprudence, as applied to Plaintiffs. A LWOP sanction on a youth is a disproportionate sanction when compared to imposing the same sanction on an adult.
>
> 95. There is a mismatch between the culpabilities of Plaintiffs and the severity of the parole exclusion penalty.
>
> 96. Furthermore, the statute is unconstitutional because it fails to take into consideration Plaintiffs [sic] youth for purposes of a mitigation factor against parole exclusion.

(*Id.* at ¶¶ 94-96.) "Second Cause of Action (Equal Protection: Class of One)" followed.

In the Amended Complaint, the original Complaint's Eighth Amendment claims have simply been dissected by a new header. Former paragraphs 94 and 95 now appear as paragraphs 106 and 107, still under "First Cause of Action (Eighth Amendment Violation)." (Dkt. 26, at ¶¶ 106-07.) Meanwhile, former paragraph 96 has become paragraph 109 but appears under the new header, "Second [C]ause of Action (Eighth Amendment Violation)." (*Id.* at ¶ 109.) "Third Cause of Action (Equal Protection: Class of One)" then follows. Reading these claims in full context, the allegedly "new cause of action" is not "new" at all. Moreover, the R&R contemplates the argument raised in former paragraph 96 and current paragraph 109. It aptly summarizes Plaintiffs' Eighth Amendment arguments as follows:

> [Plaintiffs] suggest that the parole statute . . . violates their Eight Amendment rights because at ages 18 and 19, "the prefrontal cortex brain is still developing and has not connected to the brain structure," thus rendering each Plaintiff with impaired judgment and an undeveloped character at the time they committed their separate crimes. "[A] teenager sentenced to life in custody not only serve[s] a greater percentage of his life in prison, but suffers a unique deprivation: he will never experience adulthood --- or the ability to obtain a mature understanding of his own humanity."

(Dkt. 47, at 2-3 (internal citations omitted).) In light of the foregoing, Plaintiffs' first objection lacks merit and is OVERRULED. However, the Court MODIFIES the R&R's citations to cite to the portions of the Amended Complaint discussed above.

**B. The R&R's Choice of Applicable Law**

Plaintiffs next object that the R&R mischaracterizes their claims and applies the wrong case law. (Dkt. 54, at 3.) The R&R construes Plaintiffs' claims as seeking to extend *Miller v. Alabama*, 567 U.S. 460 (2012) -- which held that mandatory life without parole for defendants under 18 at the time of their crimes violates the Eighth Amendment -- to persons older than 18 at the time of their crimes. (Dkt. 47, at 6-7.) Plaintiffs object that

they do not seek to extend *Miller* and rely on other authorities for their claims, including *Johnson v. Texas*, 509 U.S. 350 (1993), *Solem v. Helm*, 463 U.S. 277 (1983), and *People v. House*, 72 N.E.3d 357 (Ill. Ct. App. 2015).

Having reviewed the pleadings, the underlying motions, and the R&R, the Court finds that the R&R correctly applies the law to Plaintiffs' claims. For the reasons set forth in the R&R, Plaintiffs have not set forth facts establishing a deprivation of constitutional rights. Furthermore, the cases that Plaintiffs cite do not show that they have stated a claim upon which relief can be granted. *House* was decided under a state constitutional provision that is not at issue here. 72 N.E.3d at 389 ("[W]e need not address defendant's arguments that the impositions of a mandatory life sense was facially unconstitutional under the eighth amendment."). *Johnson* upheld a more serious sentence -- death -- imposed upon a 19-year-old. 509 U.S. at 373. And the Eighth Amendment proportionality factors announced in *Solem* have not prevented federal courts from drawing a bright line and refusing to extend *Miller* to defendants over 18. *See, e.g.*, *United States v. Dock*, 541 F. App'x 242, 245 (4th Cir. 2013); *Wesley v. United States*, 2016 WL 3579010, at *1 (E.D. Va. Feb. 24, 2016); *United States v. Lopez-Cabrera*, 2015 WL 3880503, at *1-3 (S.D.N.Y. June 23, 2015). Therefore, Plaintiffs' second objection is overruled.

**C. The R&R's Conclusion Regarding Plaintiffs' Requested Relief**

Plaintiffs' third objection argues that the R&R erroneously concludes that granting their requested relief would have a practical effect on their sentences. (Dkt. 54, at 4.) Having reviewed the pleadings, the underlying motions, and the R&R, the Court agrees with the R&R that granting their requested relief would have a practical effect on their sentences. But even if this conclusion were erroneous, it would not require rejection of the R&R

5

because the recommendation for dismissal is based on other grounds. (Dkt. 47, at 6 ("[T]hat statute does have a practical effect on Plaintiffs' sentences . . . Regardless, Plaintiffs' case suffers from a more fundamental defect in that the complaint fails to state a claim upon which relief can be granted."). Plaintiffs' third objection is therefore OVERRULED.

### D. The R&R's Treatment of Novel and Unique Claims

Pointing again to *House*, *Solem*, and *Johnson*, Plaintiffs' fourth objection is that the R&R ignores the "novel and unique" nature of their claims. (Dkt. 54, at 6.) For the reasons discussed in relation to the second objection, which relied on the same authorities, Plaintiffs' claims are not novel, unique, or meritorious. Thus, Plaintiffs' fourth objection is OVERRULED.

### III. Conclusion

For the foregoing reasons, the Court OVERRULES Plaintiffs' objections and, with the modifications discussed above, ACCEPTS AND ADOPTS the R&R. Accordingly, it is ordered that Defendants' motion to dismiss is GRANTED and that Plaintiffs' motion for a preliminary injunction is DENIED as moot. This case is DISMISSED.

SO ORDERED.

s/Nancy G. Edmunds  
Nancy G. Edmunds  
United States District Judge

Dated: September 5, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 5, 2017, by electronic and/or ordinary mail.

s/Carol J. Bethel  
Case Manager