UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMONT HEARD, RICHARD BALDWIN,
and JEROME SMITH,

      Plaintiffs,

v.

RICK SNYDER, HEIDI WASHINGTON, and
MICHAEL EAGEN,

      Defendants.
_____/

Case No. 16-14367

Honorable Nancy G. Edmunds

**ORDER AND OPINION DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION [58], DENYING PLAINTIFFS' MOTIONS FOR RELIEF FROM JUDGMENT [60, 61, 62] AND DENYING PLAINTIFFS' MOTION FOR AN EMERGENCY HEARING [64]**

Plaintiffs Lamont Heard, Richard Baldwin, and Jerome Smith ("Plaintiffs") are state prisoners who were each convicted under Michigan's first-degree murder statute, M.C.L. §750.316, for offenses they committed when they were eighteen and nineteen years old and each given sentences without the opportunity of parole. (Pl. Amend. Compl., Dkt. 26, at 1; PgID 98.) Plaintiffs filed their Complaint seeking injunctive relief under 42 U.S.C. § 1983 against Defendants, Rick Snyder, Heidi Washing, and Michael Eagen ("Defendants") on December 6, 2016. (Dkt. 26.) Plaintiffs claim in part that the Michigan parole exclusion procedure under M.C.L. § 791.234(6) which states a prisoner sentenced under the first-degree murder statute is not eligible for parole, is unconstitutional. Plaintiffs' claim the law fails to take into account their background, youthfulness at the time of the offense[1], and

---

[1]The Plaintiffs' age at the time of the offense is a factor in that Michigan's current statutory scheme in M.C.L. § 750.316 now excepts youth offenders, meaning M.C.L.

possibility of rehabilitation, in violation of their Eighth Amendment rights. (Pl. Amend. Compl., Dkt. 26, at 2-4; PgID 99-102.)

Defendants jointly filed a Motion to Dismiss in lieu of an Answer on May 30, 2017. (Dkt. 36.) Plaintiffs filed a Response on June 28, 2017 (Dkt. 43), and a Motion for a Preliminary Injunction on July 5, 2016 (Dkt. 46). On July 17, 2017, Magistrate Judge Morris provided a Report and Recommendation ("R&R") that the Defendants' Motion to Dismiss be granted and that Plaintiffs' Motion for Preliminary Injunction be denied. Magistrate Judge Morris stated,

> Plaintiffs contend that there is no principled reason to distinguish seventeen year-olds from eighteen and nineteen year-olds when scientific evidence shows individuals younger than twenty suffer from the same brain development issues as seventeen year-olds. However, federal case law has drawn the line and defined a juvenile as a person under the age of eighteen. Every court of which this judicial officer is aware that has considered this issue has maintained that definitive line. . . .Accordingly, I recommend that Plaintiffs' complaint be dismissed for failure to state a claim upon which relief can be granted.

(Report & Recommendation, Dkt. 47 at 7; PgID 257) (citations omitted)

This Court issued its opinion and order addressing Plaintiffs' objections, accepting and adopting, with modifications, the Magistrate Judge's R&R on September 5, 2017, and dismissing the case. (Dkt. 55.) The Court stated "[h]aving reviewed the pleadings, the underlying motions, and the R&R, the Court finds that the R&R correctly applies the law to Plaintiffs' claims. For the reasons set forth in the R&R, Plaintiffs have not set forth facts establishing a deprivation of constitutional rights. . . .the cases that Plaintiffs cite do not

---

§791.234(6) would not apply to Plaintiffs had they been under the age of eighteen at the time they committed the offense.

2

show that they have stated a claim upon which relief can be granted." (Ct. Adopt R&R, Dkt. 56 at 5; PgID 329.)

Now before the Court is Plaintiffs' *pro se* motion for reconsideration of the Court's September 5, 2017 order granting the motion to dismiss. (Dkt. 58.) Also before the Court are three identical motions for relief from judgment, which each of the three Plaintiffs filed separately. (Dkt. 60; Dkt. 61; Dkt. 62.) Plaintiffs' motion for reconsideration and Plaintiffs' motions for relief from judgment make similar arguments. In both instances, Plaintiffs claim previously undiscussed recent cases have determined sentencing schemes that differentiate between those under the age of eighteen and people like Plaintiffs, who were eighteen and nineteen at the time they committed their crimes, are unconstitutional. Relying on these cases, Plaintiffs move for relief from judgment and / or reconsideration. For the reasons that follow, Plaintiffs' motion for reconsideration and motions for relief from judgment are DENIED.

I. Motion for Reconsideration

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result form a correction thereof. *Ward v. Wolfenbarger*, 340 F. Supp. 2d 773, 774 (E.D. Mich. 2004); *Hence v. Smith*, 49 F. Supp. 2d 547, 550-51 (E.D. Mich. 1999). A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *See Witzke v. Hiller*, 972 F.Supp. 426, 427 (E.D. Mich. 1997). A motion for reconsideration which merely presents "the same issues ruled upon

by the Court, either expressly or by reasonable implication," shall be denied. *Ward*, 340 F. Supp. 2d at 774.

Plaintiffs' motion for reconsideration relies exclusively on a case from the district court of Connecticut, *Cruz v. United States*, 2018 WL 1541898 (D. Conn. Mar. 29, 2018), which extends the Supreme Court's holding in *Miller v. Alabama*, 567 U.S. 460 (2012), to defendants over the age of eighteen. Plaintiffs did not raise this Connecticut case prior to this Court granting the Defendants' motion to dismiss. Here, Plaintiffs offer the same arguments that they made in their earlier objections to the R&R, adding only this additional case, from a non-binding court, to re-assert their earlier arguments. Plaintiffs' motion for reconsideration presents issues which this Court already ruled upon, either expressly or by reasonable implication. *Hence*, 49 F. Supp. 2d at 553; (Dkt. 56.)

The Court correctly determined the Plaintiffs have not established a deprivation of constitutional rights and the new non-binding case out of the district court of Connecticut does not change this determination. The federal courts, now save one, have drawn a bright line and refused to extend to defendants over the age of eighteen, the Supreme Court's holding in *Miller*, which held that mandatory life without parole for defendants under eighteen at the time of their crimes violated the Eight Amendment.

The Sixth Circuit in 2013 considered whether to extend *Miller* to persons over the age of eighteen. In *United States v. Marshall*, the Sixth Circuit stated "[u]nder the Supreme Court's jurisprudence concerning juveniles and the Eighth Amendment, the only type of "age" that matters is chronological age. The Supreme Court's decision [in *Miller*] limiting the types of sentences that can be imposed upon juveniles all presuppose that a juvenile

4

is an individual with a chronological age under 18." *United States v. Marshall*, 736 F.3d 492, 498 (6th Cir. 2013). The Sixth Circuit went on to state, "[t]he reasons for according special protections to offenders under 18 cannot be used to extend the same protections to offenders over 18." *Id.* The court found that "[c]onsideration of efficiency and certainty require a bright line separating adults from juveniles" and that "[f]or purposes of the Eighth Amendment, an individual's eighteenth birthday marks that bright line." *Id.* at 500.

Plaintiffs newest argument asks this Court to disregard the Sixth Circuit's *Marshall* opinion and extend the district court of Connecticut's reasoning to their case. The Connecticut district court in question has issued two opinions, both of which counter this bright line rule previously recognized by the Sixth Circuit. *Cruz v. United States*, 2017 WL 3638176, at *13 (D. Conn. Apr. 3, 2017); *Cruz v. United States*, 2018 WL 1541898 at *20 (D. Conn. Mar. 29, 2018) (stating " 'the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole' for offenders who were 19 years old at the time of their crimes." (citing *Miller*, 567 U.S. at 479)). The fact that a Connecticut district court issued these opinions does not demonstrate a palpable defect which will result in a different disposition here in the Sixth Circuit as required under U.S. Dist. Ct. Rules, E.D. Mich. 7.1(h). The Connecticut court's holding is a lone outlier, and does not change the Sixth Circuit's binding precedent on this Court, to treat chronological age and the eighteenth birthday as the bright line. *Marshall*, 736 F.3d at 498-500.

The Court DENIES Plaintiffs' motion for reconsideration, because Plaintiffs are presenting issues which have already been correctly determined according to the legally

binding Sixth Circuit precedent. Plaintiffs' motion for reconsideration [58] is DENIED. Plaintiffs' motion for an expedited ruling [64] is DENIED.

II.    Motion for Relief from Judgment

Plaintiffs seek a relief from judgment pursuant to Fed.R.Civ.P. 60(b)(6). This is a catch-all provision for obtaining relief from a judgment only in exceptional or extraordinary circumstances where principles of equity mandate relief. *Miller v. Mays*, 879 F.3d 691, 698 (6th Cir. 2018) (citing *West v. Carpenter*, 790 F.3d 693, 696-97 (6th Cir. 2015)). Rule 60(b)(6) motions necessitate a fact based inquiry in which the district court intensively balances numerous factors, including the competing policies of the finality of judgments, risk of injustice to the parties, as well as the risk of undermining the public's confidence in the judicial process. *Id.* A district court should grant relief from operation of a judgment under Fed. R. Civ. P. 60(b)(6) when it determines, in its sound discretion, that substantial justice would be served. *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998).

In their three identical motions, Plaintiffs ask the Court to vacate the earlier dismissal of the case. Plaintiffs' state "since the filing of the R&R, a significant court ruling has take[n] place, that directly effects this Court's challenged judgment and order." (Pl's Mot. Relief from Judgment, Dkt. 60 at 2; PgID 344.) Plaintiffs then cite to a non-binding Kentucky state case out of the Fayette County Circuit court. In *Commonwealth v. Bredhold*, No. 14-CR-161 (Fayette Co. Aug. 1, 2017) the Kentucky court declared the death penalty unconstitutional when applied against defendants charged with offenses they committed when they were under the age of twenty-one. The decision extends the U.S. Supreme Court's 2005 holding in *Roper v. Simmons*, which held that the Eighth Amendment

6

Proscription against cruel and unusual punishments prohibited states from using the death penalty against offenders who were younger than 18 when the crime occurred. 125 S.Ct. 1183 (2005). The Kentucy court reasoned, based scientific research on brain development and behavior, that 18-21 year olds are categorically less culpable.

The Court is not bound by the Kentucky state case. Moreover the facts of the case refer to a death penalty sentence which is not at issue here. Even applying the logic of the Kentucky case however, and even pre-supposing all the scientific evidence cited is true, Plaintiffs' case continues to suffer from the same fundamental defect originally addressed in the magistrate judge's R&R and then further addressed in this Court's decision dismissing the case. In 2012, the Supreme Court held in *Miller v. Alabama*, 567 U.S. 460 (2012), that "mandatary life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.' " *Id.* at 465. In 2013, the Sixth Circuit held that "[c]onsideration of efficiency and certainty require a bright line separating adults from juveniles" and that "[f]or purposes of the Eighth Amendment, an individual's eighteenth birthday marks that bright line." *Marshall*, 736 F.3d at 500. This is the binding law on this Court. Plaintiffs have not established a deprivation of constitutional rights and thus have not stated a claim upon which relief can be granted.

III. Conclusion

For the foregoing reasons, the Court DENIES Plaintiffs' motion for reconsideration [58], DENIES Plaintiffs' three identical motions for relief from judgment [60, 61, 62], and DENIES Plaintiffs' motion for an emergency hearing [64].

So ordered.

s/Nancy G. Edmunds

Nancy G. Edmunds
                                        United States District Judge

Dated: June 4, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 4, 2018, by electronic and/or ordinary mail.

                                        s/Lisa Bartlett
                                        Case Manager